IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION



CLOSED CIVIL CASE

UNDERSEA BREATHING SYSTEMS, INC., )
)
      Plaintiff, ) No. 97-874-CIV-MOORE
)
v. )
)
EAGLE AIR SERVICE, INC. )
)
      Defendant. )

FILED by JR   D.C.
MAY 16 1997
CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

### CONSENT JUDGMENT AND FINAL ORDER INCLUDING PERMANENT INJUNCTION

This Court, pursuant to stipulation by the parties, makes the following findings of fact and conclusions of law and grants the following injunctive relief:

1. This Court has jurisdiction over this matter and all parties thereto.

2. Undersea Breathing Systems, Inc. is the owner of U.S. Patent No. 5,611,845 (the "'845 patent"), issued March 18, 1997 and entitled "Oxygen Enriched Air Generation System."

3. All claims asserted in this action of the '845 patent are valid and enforceable, and this finding of validity and enforceability shall have collateral estoppel and res judicata effect.

4. Activities of Eagle Air Service, Inc., if any, in selling or offering to sell an oxygen enriched air generation system manufactured or distributed by Nitrox Technologies, Inc. would constitute direct infringement, contributory infringement



Case No. 97-574-CIV-MOORE

and/or inducement to infringe one or more claims of the '845 patent.

5. For the unexpired term of the '845 patent, Eagle Air Service, Inc.'s officers, agents, employees, successors and assigns are hereby restrained and enjoined from (a) practicing, selling, or offering to sell a system which is the same or a colorable imitation of the oxygen enriched air generation system manufactured or distributed by Nitrox Technologies, Inc.; (b) infringing (whether directly, contributorily, or by inducement) any claim of the '845 patent; and (c) taking any direct legal action to challenge in any respect the validity or enforceability of the '845 patent.

6. Eagle Air Service, Inc. shall deliver to counsel for Undersea Breathing Systems, Inc., Bruce G. Hermelee, Hermelee, Stieglitz & Walker, for safe-keeping, any oxygen enriched air generation system manufactured or distributed by Nitrox Technologies, Inc., that is as of the date hereof in its actual or constructive possession, and counsel will retain any such system until further order of this Court, or final disposition of the litigation styled <u>Undersea Breathing Systems, Inc. v. Nitrox Technologies, Inc.</u>, Case No. 97 C 2014, pending in the United States District Court for the Northern District of Illinois, or joint agreement in writing of the parties. While in counsel's custody, no intrusion into the machine shall be permitted, without further order of this Court.

Case No. 97-574-CIV-MOORE

7. This Consent Judgment and permanent injunction shall be binding upon the successors and assigns of the parties and, to the extent provided under law, others acting in concert with the parties.

8. Undersea Breathing Systems, Inc. and Eagle Air Service, Inc. shall each bear their own costs and attorneys' fees.

9. All claims between Undersea Breathing Systems, Inc. and Eagle Air Service, Inc. are hereby dismissed with prejudice. This Court retains jurisdiction to enforce the terms of this Consent Judgment.

We consent that the above order and permanent injunction be entered:

UNDERSEA BREATHING SYSTEMS, INC., Plaintiff

By: _____
William H. Delp, II
Date: May 6, 97

HERMELEE, STIEGLITZ & WALKER
200 South Biscayne Boulevard
Suite 4920
Miami, Florida 33131
(305) 373-5444

By: _____
Bruce G. Hermelee
Florida Bar No. 133894
Date: 5-5-97

EAGLE AIR SERVICE, INC., Defendant

By: _____
Date: 5/5/97

Case No. 97-574-CIV-MOORE

Dated this 16th day of May, 1997 in Chambers in Miami, Dade County, Florida.

                                        UNITED STATES DISTRICT JUDGE
                                        K. MICHAEL MOORE

Copies furnished to:
Bruce G. Hermelee, Esq.
Stanley E. Goodman, Esq.
UESSTIF